**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **No. 23-CR-205 (JDB)** |
| | : | |
| **BRADLEY SCOTT NELSON,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S OPPOSITION TO**
**DEFENDANT'S MOTION TO STAY PROCEEDINGS**

On January 6, 2021, Nelson warned other rioters as they prepared to storm the Capitol, "If we go beyond this point, we'll be going to jail tonight."  ECF No. 1-1 at 9.  More than three years later, Nelson asks this Court to delay that justice, by staying all proceedings in his criminal case pending the Supreme Court's resolution of *Fischer v. United States* (ECF No. 26).  On December 13, 2023, the United States Supreme Court granted certiorari in *United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023), *cert. granted* 23-5572. The Supreme Court will consider the interpretation of the statute criminalizing obstruction of an official proceeding, 18 U.S.C. § 1512(c)(2), which is one of the five crimes defendant is charged with.  This development does not merit a complete stoppage of Nelson's case until mid-2024.

## I.      Background and Procedural History

Defendant Bradley Scott Nelson was charged by criminal complaint on March 20, 2023, charging him with four misdemeanors (18 U.S.C. § 1752(a)(1) and (2), and 40 U.S.C. §5104(e)(2)(D) and (G)) for his participation in the mob that stormed the Capitol on January 6, 2021. On June 21, 2023, the United States filed an information, charging Nelson with the same four counts.  On October 11, 2023, a grand jury returned a five-count superseding indictment, which added a felony charge of 18 U.S.C. §§ 1512(c)(2) and 2, against Nelson.  Nelson was

arraigned on that superseding indictment on October 12, 2023.  The Court has not yet set a trial date in this case; the next status conference is scheduled for February 7, 2024.

## II.     Legal Standard

Staying one case while "a litigant in another [case] settles the rule of law that will define the rights of both" is granted "only in rare circumstances." *Asylumworks v. Mayorkas*, No. 20-CV-3815 (BAH), 2021 WL 2227335, at *5 (D.D.C. June 1, 2021) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936))). When evaluating whether to issue a stay, "a court considers four factors: '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Nken v. Holder*, 556 U.S. 418, 426 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). The third and fourth factors "merge" when a party moves for a stay against the government. *Id.* at 435. A stay "'is not a matter of right, even if irreparable injury might otherwise result.'" *Id.* at 433 (quoting *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672 (1926)). The party seeking the stay bears the burden of "mak[ing] out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Landis*, 299 U.S. at 255.

## III.     Argument

The defendant's motion should be denied because the relevant factors weigh against his request.

First, the fact that the Supreme Court granted certiorari in *Fischer* does not establish that the defendant is likely to succeed on the merits of any challenge to his Section 1512(c)(2) conviction. At this time, a panel of the D.C. Circuit and every district court judge but one has

agreed with the government's interpretation of that statute. *See Fischer*, 64 F.4th at 338 ("Although the opinions of those district judges are not binding on us, the near unanimity of the rulings is striking, as well as the thorough and persuasive reasoning in the decisions. . . . The district judge in the instant case stands alone in ruling that § 1512(c)(2) cannot reach the conduct of January 6 defendants."). The mere fact that the Supreme Court agreed to hear *Fischer* does not indicate that those opinions were wrongly decided. *See, e.g.*, *Heath v. Jones*, 941 F.2d 1126, 1131 (11th Cir. 1991) ("[T]he grant of certiorari does not necessarily indicate that the position advocated by Heath has any merit, only that it is an important question."). Moreover, one Circuit judge has explained how, even were the Supreme Court to reverse the Court of Appeals in *Fischer,* defendants who obstructed the certification would still be convicted. *See Brock v. United States*, No. 23-3045 (D.C. Cir. May 25, 2023) (per curiam) (Millet, J., concurring). Were every criminal case stayed while a potentially applicable issue was litigated on appeal in a separate case, the criminal justice system would grind to a halt. *Fischer* and other cases challenging the application of 18 U.S.C. § 1512(c)(2) have been pending for some time, and such developments did not previously merit a broad stay. Nothing has changed by virtue of the Supreme Court's decision to grant *certiorari* in *Fischer*.

Second, Nelson cannot show he will suffer an irreparable injury absent a stay. As a threshold matter, the relief Nelson seeks is premature—the Court has not even set a trial date or issued a scheduling order. Putting that aside, any injury to Nelson is neither certain nor irreparable. If Nelson were convicted of obstruction of an official proceeding and if the Supreme Court were to decide *Fischer* adversely to the government, it is not clear that the Court's interpretation of Section 1512(c)(2) would necessarily invalidate Nelson's conviction. And even if it did, the appropriate venue for challenging such a conviction would be a motion to set aside the verdict or a post-sentencing appeal, depending on the timing. In this respect, defendant "stands in no

3

different position than any other criminal defendant who loses a pretrial motion attacking an indictment on the ground that the underlying criminal statute is unconstitutional. The district court's order in such a case . . . would be fully reviewable on appeal should the defendant be convicted." *United States v. Cisneros*, 169 F.3d 763, 768-69 (D.C. Cir. 1999).

As Judge Howell recently recognized, a defendant is not "irreparably harmed without a stay" simply "because 'he will be forced to go to trial' before his appeal on violations of his constitutional rights is heard." *United States v. González-Valencia*, No. 16-65-1 (BAH), 2022 WL 3978185, at *6 (D.D.C. Sept. 1, 2022). That is why interlocutory appeals are allowed only in rare cases. A stay does, however, prejudice the government. "The government also faces irreparable harm because, as more time passes, the government's . . . evidence continues to age, which hurts witnesses' ability to recollect those events clearly at trial." *Id.* at *7.

Obstruction of an official proceeding is also not Nelson's only charge. He is also charged with entering and remaining in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(1); disorderly and disruptive conduct in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(2); disorderly conduct in a Capitol building, in violation of 40 U.S.C. § 5104(e)(2)(D); and parading, demonstrating, or picketing in a Capitol building, in violation of 40 U.S.C. § 5104(e)(2)(G).  Regardless of the implications of *Fischer*, the public and the government have a right to resolution of Nelson's other charges. The evidence on those charges substantially overlaps with the evidence the government would use to prove the 1512 count.  Unless trial and sentencing on those charges take place before mid-2024, Nelson would not have finished serving his sentence on the non-1512 charges before *Fischer* is decided in mid-June—all of which further demonstrates that the defendant cannot establish irreparable injury.

Any potential irreparable injury can be addressed via a motion for release pending appeal under 18 U.S.C. § 3143(b). Under that statute, a defendant who has been sentenced to a term of imprisonment "shall . . . be detained" unless the court finds that two separate requirements are met:

> (1)    "clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released," and
>
> (2)    that the appeal "raises a substantial question of fact or law likely to result in—(i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process."

18 U.S.C. § 3143(b)(1)(A)-(B). A "substantial question" is one that is "a close question or one that very well could be decided the other way." *United States v. Peholtz*, 836 F.2d 554, 555 (D.C. Cir. 1987) (per curiam). Although the government would likely oppose such a motion, the possibility for release pending appeal is another factor favoring denial of the defendant's motion to stay.  A post-conviction motion under the Bail Reform Act—not a stay of the proceedings—is the proper mechanism under which to address any potential prejudice to the defendant.[1]

Third, the defense is effectively asking the Court to refrain from even setting a trial date for a full six months, a "substantial" delay.  *See United States v. Raymond*, No. 21-cr-380-CKK, 2023 WL 6317850, at *1 (Sept. 28, 2023).  In other words, defendant would not face trial until more than three-and-a-half years after he committed the offenses charged in the Indictment. Staying the proceedings—effectively kicking off a trial date <u>at least</u> another 6 months—would undermine the interests of the public in the timely adjudication of a case of significance.

---

[1] For example, this Court recently granted a motion for release pending appeal in a 1512 case. Memorandum Opinion, ECF No. 142, *United States v. Alexander Sheppard*, 21-cr-203 (JDB) (Jan. 11, 2024).  Unlike *Sheppard*, however, Nelson does not move under for relief under the BRA but instead seeks a pre-trial stay, which is governed by altogether different standards. In fact, the availability of the relief obtained in *Sheppard* cuts against Nelson's pre-trial motion.

Ultimately, Nelson's desire to have the Supreme Court resolve *Fischer* before his trial does not outweigh the government's and the public's interest in a speedy trial, particularly as there is a more appropriate mechanism to address this issue should Nelson be convicted at trial.  For all these reasons, Nelson's motion to stay the proceedings until *Fischer* is revolved should be denied, and the Court should set a prompt trial date on all charges.  *See, e.g.*, Order, *United States v. Dunfee,* 23-cr-36 (RBW), ECF No. 59 (D.D.C. Dec. 14, 2023) (denying defendant's oral motion to stay trial pending Fischer).[2]

For all these reasons, the defendant's motion to stay the proceedings should be denied.  The Government will renew its request for a trial date at the next status hearing.

---

[2] Although not uniformly so, many other judges in this District have denied similar motions to stay or continue trial pending the outcome in *Fischer*.  *See, e.g.,* Min. Order dated 12/28/23, *United States v. Bennet et al.*, 21-cr-312 (JEB) (denying stay); Min. Order dated 12/27/23, *United States v. Marroquin*, 23-cr-338 (JEB) (denying stay); Min. Order dated 12/22/23, *United States v. Warnagiris*, 21-cr-382 (PLF) (granting in part motion to continue trial due to scheduling conflicts); *United States v. Irwin and Richter*, 21-cr-589 (RDM) (orally denying motion to stay trial on Jan. 3, 2024); Min. order dated 12/21/23, *United States v. Nichols*, 21-cr-117 (RCL) (denying motion to continue); ECF No. 75, *United States v. Bowman and Carnell*, 23-cr-139 (BAH) (Jan. 4, 2024) (denying motion to stay); Min. Order dated 1/10/24, *United States v. Pope*, 21-cr-128 (RC) (denying stay); Min. Order dated 1/18/24, *United States v. Baez*, 21-cr-507 (PLF) (denying stay); Min. Order dated 1/19/24, *United States v. Costianes*, 21-cr-180 (RJL) (granting stay).

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:   /s/ Michael L. Barclay
MICHAEL L. BARCLAY
Assistant United States Attorney
New York Reg. No. 5441423
U.S. Attorney's Office for the
District of Columbia
601 D Street, N.W.
Washington, DC 20530
Michael.Barclay@usdoj.gov
(202) 252-7669