**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No. 23-cr-205 (JDB)** |
| | : | |
| **BRADLEY SCOTT NELSON,** | : | |
| | : | |
| **Defendant.** | : | |

**JOINT STATUS REPORT AND MOTION TO CONTINUE**
**TRIAL AND PRE-TRIAL DEADLINES**

The parties jointly file this status report and motion to continue the trial and other pre-trial

deadlines set forth in the Court's Scheduling Order (ECF No. 30).   That scheduling order required

that "[w]ithin ten days of the issuance of the Supreme Court's decision in *Fischer v. United States*,

No. 23-5572, the parties shall notify the Court of their recommendations for further proceedings."

*Id.*

On June 28, 2024, the Supreme Court issued its decision in *Fischer v. United States*, No.

23-5572, which pertains to the lead charge at issue in this case, 18 U.S.C. § 1512(c)(2).  In *Fischer*,

the Court held that Section 1512(c) does not cover "all means of obstructing, influencing, or

impeding any official proceeding."  However, the Court did not reject the application of 1512(c)(2)

to January 6.  Rather, the Court explained that the government must establish that the defendant

impaired the availability or integrity for use in an official proceeding of records, documents,

objects, or other things used in the proceeding—such as witness testimony or intangible

information—or attempted to do so.  The Supreme Court has remanded the case to the D.C. Circuit

for further proceedings. Through those further proceedings, the Court of Appeals will interpret the

scope of the statute in light of the decision.

The ruling affects many defendants in the January 6 prosecutions, including Mr. Nelson.

Out of respect for judicial economy, and to ensure a uniform and consistent approach before each judge of the District and Circuit, the United States is carefully evaluating its approach to Section 1512(c)(2).  To that end, the parties believe that continuing the trial and corresponding pre-trial deadlines will conserve judicial resources, consolidate motions practice, and enable the parties to better assess the direction of this case.

Accordingly, the parties respectfully request that the Court continue the trial date in this case, currently set for September 18, 2024, by approximately 45 days, and reset the accompanying motions deadlines and pre-trial conference date accordingly.  The parties further respectfully request that this Court exclude the time from the date of its order until the rescheduled trial date, pursuant to 18 U.S.C. § 3161 *et seq.*, on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B).

Respectfully submitted,

FOR THE DEFENDANT

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

By:   _/s/ Michelle M. Peterson_
MICHELLE M. PETERSON
First Assistant Federal Public
Defender
625 Indiana Avenue, N.W.,
Suite 550
Washington, D.C. 20004
(202) 208-7500
Shelli_Peterson@fd.org

FOR THE UNITED STATES

MATTHEW M. GRAVES
United States Attorney
D.C. Bar Number 481052

By:   _/s/ Michael L. Barclay_
MICHAEL L. BARCLAY
Assistant United States Attorney
New York Bar Reg. No. 5441423
U.S. Attorney's Office for the District
of Columbia
601 D Street, N.W.
Washington, DC 20530
(202) 252-7669
Michael.Barclay@usdoj.gov

PATRICK HOLVEY
U.S. Attorney's Office for the District
of Columbia
601 D Street, N.W.
Washington, DC 20530
patrick.holvey@usdoj.gov
202-252-7224

3