UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 23-205 |
| | ) | |
| BRADLEY NELSON | ) | |

## MOTION TO MODIFY RELEASE CONDITIONS

### INTRODUCTION

Mr. Nelson, through counsel, respectfully requests that the Court modify his conditions of release to remove the home confinement condition and replace it with a GPS monitoring condition to allow him to return to work. Pretrial Services has indicated that they have provided the language necessary to effectuate this request to Chambers.

Since this Court released Mr. Nelson after issuing a bench warrant on the government's request based upon concerning postings on social media, Mr. Nelson has been in complete compliance with his new conditions. However, because his occupation is long-haul driver, he has been unable to return to work. He is the sole provider of support for his family, and this has become a devastating toll on them financially. Mr. Nelson is concerned for the welfare of his family – his electricity bill cannot be paid, his car payment cannot be made, and his family cannot survive financially without his ability to drive long haul routes. He has found it impossible to find local employment in part because nearly everything is done via the internet, and he cannot have access to it. Thus, under these unique circumstances, this request is made. Government counsel indicates it objects to removal of home detention.

1

The Bail Reform Act requires courts to release defendants who are pending trial on personal recognizance or on an unsecured appearance bond unless the government has presented clear and convincing evidence that there are no conditions that will "reasonably assure the appearance of the person as required or . . . the safety of any other person or the community." 18 U.S.C. §§ 3142(b), 3142(f)(2)(B). In other words, "the default position of the law . . . is that a defendant should be release pending trial." *United States v. Taylor*, 289 F. Supp. 3d 55, 62 (D.D.C. 2018) (quoting *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010)). When imposing a condition, or combination of conditions, the court must select the "least restrictive" conditions. 18 U.S.C. § 3142(c)(1)(B).

In this case, Mr. Nelson appreciates the Court's order releasing him and has demonstrated that he will abide by the conditions the Court has placed that he not post anything on social media. Mr. Nelson understands the gravity of his prior conduct and remains hopeful that given the *Fischer* decision it will be possible to resolve this case short of trial. He has no interest in delaying the case any longer than necessary and only agreed to the most recent continuance because of a desire to allow the government the opportunity to formulate its position post *Fischer*. However, the inability to work is causing him such hardship that it may be necessary to try to expedite matters. In the interim, the defense suggests eliminating the home detention aspect of his release conditions and substituting a GPS monitor that would alert Pretrial Services of his location at all times. Home detention does not work because Mr. Nelson's job requires him to be away from his home for months at a time and his truck is essentially his residence. Pretrial Services recommends this course of action. All other conditions could remain the same. Mr. Nelson would also be amenable to more frequent

telephonic check ins or whatever other conditions Pretrial Services suggests that would allow him to return to work as soon as possible.

Respectfully submitted,

A. J. KRAMER
FEDERAL PUBLIC DEFENDER

/s/
_____
Michelle Peterson
Chief Assistant Federal Public Defender
625 Indiana Avenue, NW
Washington, DC 20004
(202) 208-7500
Shelli_Peterson@fd.org