UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | :     CASE NO. 1:23-cr-205 (JDB) |
| v. | : |
| | : |
| BRADLEY NELSON, | : |
| | : |
| Defendant. | : |

### GOVERNMENT'S OPPOSITION TO
### DEFENDANT'S MOTION TO MODIFY RELEASE CONDITIONS

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits its opposition to Defendant's Motion to Modify Release Conditions (ECF 42), as directed by the Court's Minute Order of September 10, 2024.

### BRIEF BACKGROUND

Less than three weeks ago, on August 14, 2024, this Court found probable cause that Bradley Scott Nelson violated 18 U.S.C. § 875(c) by making "true threats" against two public officials. The Court made clear that whether to detain Nelson as a result of those threats was a "close call." The Court nonetheless found that a stringent combination of conditions—including home-detention and no internet—would reasonably assure the safety of the community, impliedly rejecting the statutory presumption that, because Nelson committed a new crime while on release, "no condition or combination of conditions will reasonably assure the safety of any other person and the community." 18 U.S.C. § 3148(e)(2). At the hearing, the Court indicated its hope that Nelson be allowed to continue his work as a long-haul trucker (which requires multi-day trips out of his home district). A subsequent order detailing the conditions followed. ECF No. 38.

1

These conditions were thoughtfully assembled and each is a necessary component of a combination of conditions that together could assure the Court of the safety of any other person and the community including:

- Home detention (with exceptions and as authorized) with electronic monitoring for compliance;
- No social media;
- No use of a computer system without PSA authorization;
- No internet access;
- No contact with various individuals related to the investigation and prosecution; and
- PSA searches for internet use on all electronic devices.

ECF 38.

Since the hearing, government counsel understands that the Pretrial Services Agency (PSA) has had difficulty implementing, among other things, the home detention component of the Court's release order. Specifically, the government's understanding is that the District of Nevada is not set up to logistically permit Nelson to travel for, essentially, weeks at a time, out of state while on home detention.

But there are already signs that Nelson has failed to comply with the Court's order. Based on information provided to the FBI, Nelson was ticketed for a flight to Connecticut via Chicago on August 20, 2024. According to Nelson's Pretrial Services Officer, Nelson did not inform the

officer of the flight prior to the ticketing. The flight was not apparently taken (cancelled prior to the flight).[1]

On September 5, 2024, this Court's staff asked counsel for the government, defense counsel, and Pretrial Services to confer on how to effectuate the Court's August 15, 2024, Order. The government sought to meaningfully confer over solutions that might allow for Nelson to travel for work consistent with the Court's restrictions. But before all parties could weigh in – Pretrial Services in D.C. has not – Nelson filed the instant motion to release Nelson from home detention.

## DISCUSSION

Nelson now requests eliminating the primary condition imposed by the Court in response to his violations of his pretrial release: home detention. ECF 42 at 2. He requests, instead, the lesser condition of GPS monitoring. *Id*.

Nelson's motion assumes that the Court is writing on a blank slate. He raises the "default position of the law" as being one of "release pending trial" and that the burden, here, is on the government to demonstrate that no conditions will reasonably assure the safety of the community.[2] ECF 42 at 2. But the Court has already found probable cause that Nelson violated federal law, presenting a danger to the community, and issued a narrowly tailored order imposing home

---

[1] Due to difficulties with the implementation of the Court's order and a lack of information about the nature of the trip, the government did not immediately raise this to the Court's attention. Nonetheless, the government will shortly file a motion for issuance of a subpoena to Southwest Airlines for further information, to determine, for example, whether Nelson may have violated his prohibition on the use of the internet by purchasing the ticket, or whether he made non-work-related travel plans after the Court's travel restriction was in effect.

[2] Defendant also mischaracterizes his compliance with the conditions as imposed (see above).

detention as a key condition to reasonably mitigate that danger. That is why the Court asked the parties to confer on how to implement the release order—not to revisit the order wholesale.

The Court is left to chose between whether to throw out a key part of its order (maintain Nelson on home detention) or allow Nelson to travel cross-country, essentially without restriction (i.e. GPS monitoring). Although Nelson cites his job as the primary motivator for lessening home detention restriction, a GPS monitoring condition would not allow Pretrial to police the reasons for the trips. Nelson has also proposed no further geographical limitations (presumably, because he believes he should be free to travel to every part of the continental United States). And as discussed above, there is some evidence that Nelson has already sought to travel by means other than his truck despite being on home detention.

The Court found that it was a close call whether detention was the least restrictive means to protect the community from the danger presented by Nelson's threats. Instead, the Court concluded home detention was a key component of the least restrictive means to mitigate that particular danger (though not the threats for which the Court found probable cause, the government presented evidence that Nelson made threats in person as well as online; the Court issued a no-witness contact condition). And while the Court expressed its hope that Nelson could remain employed as a long-haul trucker while on home detention, the fact that he cannot is hardly a reason to throw out the restriction; the solution instead is for Nelson to find a job he can hold while on home detention. Put simply, Nelson's expressed concerns about his inability to work do nothing to mitigate his danger to the community. The Court issued a narrowly tailored order that should be enforced in full; Nelson presents no reason to why the Court's order was incorrect.

In short, Nelson's Motion appears to be, in substance, a motion to reconsider the detention hearing based on new information pursuant to 18 U.S.C. § 3142(f)(2). But Nelson bypasses the

4

defendant's burden to show that these new conditions are sufficient to reasonably assure the safety of the community (given the presumption that no combination of conditions can so assure the Court in light of his prior alleged violations while on release).  His request is based <u>not</u> on new material information showing he is less dangerous or less likely to be a threat to the community, but rather only on the basis of Pretrial Services being unable to implement the conditions determined to be necessary to so assure the safety of the community.

Importantly, a GPS monitoring condition alone does nothing to mitigate the danger presumed by statute given Nelson's alleged criminal violation.  The risk posed by Nelson in light of his threats is, in part, his physical presence at or near those he has threatened before or may threaten in the future.  Nelson's employment issues, without more, are not a reason to revisit the careful balancing the Court engaged in in determining the least restrictive means that could assure community safety.  And those were the *least restrictive means* that could be imposed.  That Nelson cannot adhere to those restrictions (his request amounts to even less restrictive means) shows <u>not</u> that the means should be loosened but rather that <u>no conditions are sufficient to reasonably assure the safety of the community.</u>

And in moving for less restrictions, Nelson essentially flips all the inquiries on their head: rather than show that his proposed new conditions are sufficient to rebut the presumption of detention, he argues that the ordered conditions cannot be implemented and so lesser conditions are necessary, focusing not on the safety of the community but on his own personal situation.  That

is not the proper inquiry, that does not rebut the presumption of detention, and that does not justify the lesser conditions of release Nelson requests.

## CONCLUSION

The Court should deny Nelson's Motion to Modify Conditions of Release and, to the extent that this Court determines that the prior release conditions are unable to be sufficiently implemented, the government respectfully requests that Nelson be detained pending trial.

                                          Respectfully submitted,

                                          MATTHEW M. GRAVES
                                          United States Attorney
                                          DC Bar No. 481052

By:    s/ *Patrick Holvey*
           PATRICK HOLVEY
           DC Bar No. 1047142
           Assistant United States Attorney
           United States Attorney's Office
           601 D Street N.W.
           Washington, D.C. 20530
           Telephone: 202-252-7224
           Patrick.Holvey@usdoj.gov